## In re SOLANTKIAS.

District Court, W. D. Pennsylvania. April 8, 1929.

No. 11269.

See, also, 29 F.(2d) 431.

Maurice Finkelor, of Pittsburgh, Pa., for Louis Diamond.

Ridden & Weddell, of Pittsburgh, Pa., for receiver.

Frank R. S. Kaplan, of Pittsburgh, Pa., for trustee.

Isidore M. Goldsmith, of Pittsburgh, Pa., for creditors.

SCHOONMAKER, District Judge. This case now comes before the court on certificate of the referee in bankruptcy to review his order of August 8, 1928, directing one Louis Diamond, the successful bidder at a public sale of bankrupt's personal assets, to complete the purchase by payment of a check of $3,500, dated February 28, 1924, which he had given Elliott Frederick, the receiver of the bankrupt estate, to apply on the purchase price of $11,500, and also directing Elliott Frederick, the receiver, to pay into the hands of the trustee of the bankrupt estate the sum of $3,000, representing a portion of Diamond's bid of $11,500, which Diamond claims he paid to Frederick in cash on February 28, 1924, but which sum Frederick denies having received.

The matter before the court for review presents rather an unusual situation.

Elliott Frederick, the receiver, was authorized by the referee to sell at public auction the personal assets of the bankrupt. That sale took place February 11, 1924. Louis Diamond was the highest bidder, and the bankrupt's property was sold to him at his bid of $11,500; a part payment being then made to apply on the purchase price. A report of the sale was made by the receiver to the referee, who confirmed it on February 14, 1924; the order of confirmation providing as to transfer of title to the goods sold: "The receiver is authorized to make the necessary transfer upon receipt of the balance of the purchase price."

Diamond paid $5,000 to apply on the purchase price, and took possession of the goods bought without having complied with the order of the referee as to the payment of the balance of the purchase price. He gave the receiver a check dated February 28, 1924, for $3,500 to apply on his bid, and promised the receiver to pay him the balance of $3,000 in cash on the 28th day of February, 1924. This check admittedly was not paid by Diamond. He says that he did pay the $3,000 in cash to the receiver, who says that he did not. In the meantime, Diamond had the goods in his possession, and refused to pay the check for $3,500 because the goods did not in fact conform to the inventory submitted by the receiver to the bidders at the public sale.

The case rested in this situation without any steps being taken by anybody to adjust the matter until December 21, 1927, when Elliott Frederick, the receiver, presented a petition to the referee, asking for an order directing Diamond to comply with his contract of purchase forthwith. To this petition, Diamond filed answer, admitting that he had not paid the check for $3,500, but averring that he had in fact paid the $3,000 in cash to the receiver, as agreed. Diamond, by his answer, claimed his right to withhold payment of the $3,500 check, because the goods did not come up to the inventory submitted

by the receiver to the bidder at the public sale by goods to the value of $3,500. A hearing was had before the referee on this petition and answer, at which time Diamond first moved to dismiss the petition because (1) the receiver in his account had charged himself with the full purchase price; (2) the receiver's remedy, if any, is by plenary suit in the state courts; (3) the receivership proceedings were closed by the election of a trustee; and (4) the laches of the receiver prevent the granting of any relief. The referee denied this motion.

After taking testimony, the referee found that the $3,500 check had not been paid by Diamond, and that he was not entitled to withhold payment by reason of any discrepancy between the inventory and the goods actually delivered at the time of sale, therefore ordering Diamond to pay that sum to the trustee.

As to the item of $3,000, the referee found that Diamond had not paid the receiver this amount, but in view of the dispute in testimony on this point, the referee was of the opinion that the laches of the receiver barred his right to a summary order for the payment of that amount, and that the receiver should be surcharged with the $3,000 and left to his plenary suit to recover it from Diamond.

On the motion to dismiss the receiver's petition we concur in the views of the referee; he was right in denying that motion.

The property involved in the controversy was in custody of the court. The receiver had no title to it. His acts in collusion with Diamond to give possession of the property to Diamond, without complying with the order of court as to payment of the balance of the purchase money, were a fraud upon the court. We will not withhold enforcing compliance with the orders of the court just because an officer of the court has been derelict in the performance of his duty. This is not the case of a personal litigant seeking the aid of the court for his own private relief. The right to reclaim property taken from the custody of the court by fraud cannot be lost by laches.

The fact that the receiver in this account charged himself with the full amount of the purchase money will not change the situation if he did not in fact get the money. The receiver is undoubtedly personally liable for the full amount of this purchase money and should be surcharged with the portion which he did not in fact collect; but that will not relieve the purchaser, who is the one primarily liable, from fulfilling his contract of purchase.

It is well-settled law that a purchaser at a receiver's sale in bankruptcy submits himself to the jurisdiction of the court, who has summary power to compel him to complete his contract of sale. In re Jungmann (C. C. A.) 186 F. 302, 26 A. B. R. 406; Mason v. Wolkowich (C. C. A.) 150 F. 699, 17 A. B. R. 714, 10 L. R. A. (N. S.) 765.

We concur in the views expressed by the referee that Diamond had no right to withhold the payment of the $3,500 on account of alleged discrepancies between the inventory and the goods actually turned over by the receiver to Diamond. This was a judicial sale to which the rule of caveat emptor clearly applied. If a fraud be practiced upon the purchaser at a public sale, he should immediately ask to have the sale set aside and return the property. The court could then give him the relief to which he is entitled. He could not adjust that matter himself by withholding a part of the purchase money.

We therefore conclude that Diamond should be compelled to pay to the trustee in bankruptcy not only the $3,500 which he admits he did not pay, but also the $3,000 which the referee had found he did not pay, and that with interest from February 28, 1924, when these amounts should have been paid.

If by any chance Diamond is financially irresponsible and unable to pay this money, it should all be surcharged to the receiver, Elliott Frederick, who, by his neglect of duty in turning this property over to Diamond in violation of the court's order, has also made himself personally liable for the whole sum.

The order of the referee of August 8, 1928, will be modified in accordance with the views expressed in this opinion.